GREEN AND FLINN, INCORPORATED, a corporation of the State of Delaware, *vs.* PHILADELPHIA AND READING RAILWAY COMPANY, a corporation of the State of Pennsylvania.

JOHN G. LUKE, MARIA G. MORROW, ALLAN L. LUKE, CHARLES W. LUKE, WILLIAM LUKE, ROSE NELSON, WILLIAM GREEN and SECURITY TRUST AND SAFE DEPOSIT COMPANY, a corporation of the State of Delaware, trustee under the last will and testament of Mary Green Studebaker, deceased, for Charles A. Studebaker, *vs.* SAME.

1. RAILROADS—FIRE FROM OPERATION WITH DUE CARE NOT ACTIONABLE.

If fire results from sparks emitted by a railroad company's engines, no recovery can be had if due care in the equipment and running of its engines has been exercised.

2. RAILROADS—NEGLIGENCE CAUSING FIRE MUST BE PROVEN.

Negligence is never presumed, but must be proven before plaintiffs can recover damages for loss of property by fire set by sparks from a locomotive.

3. RAILROADS—NEGLIGENT FIRE SHOWN BY CIRCUMSTANTIAL EVIDENCE.

That a fire was set by the engines of a railroad company through negligence may be shown by circumstantial evidence.

#### 4. RAILROADS—EVIDENCE OF OTHER FIRES ADMISSIBLE.

Evidence of other fires, the cause for which is not accounted for, except by sparks from passing locomotives, is admissible as evidence of negligence when the engine that set the fire is not identified.

#### 5. RAILROADS—APPLIANCES FOR PREVENTION OF FIRE SUFFICIENT IF REASONABLY SUITABLE.

It is not necessary that spark arresters and other preventive devices should be of the latest or most approved kind, or of any particular kind of appliances, but it is sufficient if they are reasonably suitable for the purpose and reasonably calculated to prevent the emission of sparks that might set fire.

*(December* 16, 1921.)

PENNEWILL, C. J., RICE and HARRINGTON, J. J., sitting.

*Daniel O. Hastings* and *Ayres J. Stockly* for plaintiffs.

*John W. Huxley, Jr.,* for defendant.

Superior Court for New Castle County, November Term, 1921.

SUMMONS Cases, Nos. 186 and 187, March Term, 1921.

Actions by Green and Flinn, Incorporated, against Philadelphia and Reading Railway Company; John G. Luke, and others, against same. Verdicts for plaintiffs.

Both actions were brought by the plaintiffs to recover damages for the loss of property alleged to have been burned and destroyed by the negligence of the defendant in the operation of its railroad which was adjacent to the property of the plaintiffs. In one case the property destroyed was personal property, consisting of lumber and other kinds of property, and in the other case the property destroyed consisted of real estate, embracing building, structures, fixtures and improvements.

In the latter case, John G. Luke, one of the plaintiffs, who had but a life interest in the real estate that was burned, has recently died, and his death was suggested on the record.

PENNEWILL, C. J., charging the jury:

The negligence of the defendant charged by the plaintiffs in each case, and on account of which they seek to recover damages, is as follows:

(1) That the said defendant did, on the 26th day of February of the present year, so negligently, carelessly and unskillfully operate its locomotive, that fire and sparks were emitted from the said locomotive, and by reason of such carelessness and negligence the said fire and sparks were communicated to said property, whereby all of it was greatly damaged or destroyed.

(2) That the defendant did so negligently, carelessly and unskillfully equip its locomotive that sparks and fire were emitted from the locomotive, by reason whereof the said fire and sparks were communicated to said property whereby all of it was greatly damaged or destroyed.

(3) The defendant failed to provide one of its locomotives, so operated as aforesaid, with appliances to prevent the escape of sparks and fire from the smokestack thereof, and by reason of said carelessness and negligence as aforesaid the said fire and sparks were communicated to the said property, whereby all of it was greatly damaged or destroyed.

(4) That the said defendant failed to provide one of its locomotives, so operated as aforesaid, with devices to prevent the escape of fire and sparks from the ash pans and fire boxes thereof, and by reason thereof the said fire and sparks were communicated to said property, whereby all of it was greatly damaged or destroyed.

The acts of negligence, therefore, charged and relied on by the plaintiffs in each case are, substantially, its negligence, carelessness and unskillfulness in the operation and equipment of its locomotive.

The defendant claims that it was guilty of no negligence that caused the burning or destruction of the property of the plaintiffs in either case, claiming first, that the fire was not caused by a spark or fire from its locomotive, and second, that even if the fire was so caused, it, the defendant, was not negligent, and, therefore, not liable to the plaintiffs, because its locomotives were operated with due care and caution, and equipped with proper devices, including a spark catcher or arrester that was in general use, reasonably suitable for the purpose for which it was employed and reasonably calculated to prevent the emission of sparks from

its locomotives and the consequent burning of the property of others. In other words, it claims that it did all that a reasonably prudent and careful person would do under similar circumstances, both in the operation and equipment of its locomotives.

[1] In order for the plaintiffs to recover, it is incumbent on them to establish the fact to the satisfaction of the jury, by the preponderance or greater weight of the evidence, that the defendant set fire to the plaintiffs' property by fire and sparks emitted from its locomotive. If they fail to establish that fact, they cannot recover. But even if the plaintiffs established that fact, it was also necessary for them to show, by satisfactory proof, that the firing and destruction of their property resulted from the carelessness or negligence of the defendant, its agents or servants. The defendant is not answerable under all circumstances or at all events, but is only answerable in such a case as this, for want of due care, skill or diligence in the transaction of its lawful business, and in the use of its engines used in such business.

If the defendant, on the occasion in question, adopted the usual precautions in supplying its engines with such spark catchers, and other devices and machinery for the prevention of fires, as were in general use for preventing the escape of sparks, and employed competent engineers to manage its engines, and the engineers and firemen used reasonable care and diligence in the management of them, then the defendant did all that the law required of it in such case. The defendant had an unquestionable right to operate the road by engines propelled by steam generated by fire. It was, therefore, in the lawful exercise of that right; but it was bound, at the same time, to use that right with due care and caution in respect to the rights and property of others. If the defendant used due care and caution in the equipment and running of its engines, and yet unfortunately the property of the plaintiffs was set on fire by sparks emitted from its engines, and destroyed, the plaintiffs would not be entitled to recover for the loss sustained by them, because the defendant, under such circumstances, would be without fault. Negligence, in such cases as these, is a question of fact to be decided by the jury, according to

the weight or preponderance of the evidence. Such is the law as declared by this court in the case of *Jefferis v. P. W. & B. R. R. Co.*, 3 *Houst.* 447.

If the jury believe that the fire which burned the property of the plaintiffs was started by a spark from an engine of the defendant, it would not be responsible to the plaintiffs in damages for the loss of it, if it was the result of an accident merely, and not the result of negligence on the part of the defendant company or its servants. While no action will lie for the reasonable use of one's rights, although it may be to the injury of another, such person will be responsible for any injury to another which results from the negligent and unskillful use of such legal right.

[2, 3] The present cases are based on the negligence of the defendant. Negligence is never presumed; it must be proved before the plaintiffs can recover. Negligence has been often defined by this court to be the want of due care, that is, such care as an ordinarily prudent man would exercise under the circumstances. The court may tell you what negligence is, but whether it exists in the particular case is always a question for the jury to determine. And, therefore, we say to you that if you are satisfied from the preponderance of the evidence that the fire that burned the plaintiff's property was caused by a spark, or fire, from defendant's engine, you should further inquire whether such spark, or fire, was the result of the defendant's negligence. In determining this question, you should consider all the facts and circumstances of the case. If you believe from the evidence that other fires were caused along the defendant's right of way by sparks from its engines, near the time and place of the fire in question, that is a circumstance from which the jury may infer negligence on the part of the defendant in the operation or equipment of its locomotives, if they believe that such an inference can reasonably be drawn from such other fires. Negligence in such a case as this may be shown by circumstantial evidence as well as by direct evidence, but to warrant such conclusion from circumstantial evidence the circumstances upon which it is based should be consistent therewith and inconsistent with any other theory.

[4] It has been held in this state that if it is shown that a building was set on fire by a spark from a locomotive, the distance of such building from the railroad may be evidence of negligence in equipment or operation. Evidence of other fires along the right of way at other times, the cause for which is not accounted for, except by sparks from passing locomotives, is admissible, and is evidence of negligence, when the engine that set the fire is not identified. Even if the jury believe that the spark that set the fire came from the engine of the defendant, and shall further believe said engine was equipped with a sufficient spark arrester, the jury may, nevertheless, consider the evidence of the manner in which the engine was being operated around a curved track, up grade, the weight of the train and the emission of sparks on the evening of the fire, as evidence of negligent operation. *Director General of Railroads v. Johnston*, 1 W. W. Harr. (31 *Del.*) 397, 114 *Atl.* 759, 769.

[5] But it is not meant that such facts and circumstances necessarily prove negligence on the part of the defendant; they are, as we have said, proper to be considered by the jury in deciding whether the fire was caused by the defendant's negligence. In determining that important question the jury should consider all the evidence bearing on the subject, including any precautions or devices taken or made by the defendant to prevent fires, and give it just such weight as they believe it to be entitled to. And in this connection we may say that while it is necessary that the defendant shall have had its locomotives equipped with proper spark arresters and other devices for the prevention of fires, it was not necessary that they should be of the latest or most approved kind, or of any particular kind of appliances or machinery. It is sufficient if they were reasonably suitable for the purpose, and reasonably calculated to prevent the emission of sparks, or fire, that might set fire to the property of others. The care and diligence the law requires in that regard is such care and diligence as a reasonably prudent and cautious person would exercise under similar circumstances.

In conclusion, we say that if you believe from the preponderance of the evidence that the property of the plaintiffs was

damaged and destroyed by a fire caused by sparks, or fire, from the defendant's locomotive, and shall also believe that such sparks, or fire, were emitted and communicated to the property of the plaintiffs by the defendant's negligent operation or equipment of its locomotive, your verdict should be for the plaintiffs in each case.

If, however, you are not satisfied that the property of the plaintiffs was damaged and destroyed by a fire caused by a spark from defendant's locomotive, or if you believe that it was so caused, but are not satisfied that it was the result of the defendant's negligent operation or equipment of its locomotive your verdict should be for the defendant.

If your verdict should be for the plaintiffs, it should be, in each case, for such damages as you believe from the evidence the plaintiffs sustained on account of the fire, that you are satisfied was caused by the defendant's negligence.

If you are not satisfied from the evidence that the plaintiffs are entitled to recover, your verdict should be in favor of the defendant.

Verdicts for plaintiffs.

NOTE—For a more complete statement of facts see the report of this case in the Supreme Court, the publication of which immediately follows this case.